## BOARD OF COMMISSIONERS OF NATRONA COUNTY v. SHAFFNER.

Taxation—Lien of Personal Taxes—Lien on After Acquired Property—Homestead.

1. Public land of the United States is not subject to state taxation against a homestead entryman prior to the issuance of final receipt.

2. Prior to final receipt public land of the United States held under homestead entry is not subject to a lien for taxes due from the entryman on personal property.

3. Land held by homestead entry under the public land laws of the United States is not, after the issuance of final receipt, subject to a lien for taxes previously due from the entryman on personal property.

4. The statute (R. S., Sec. 1870) making taxes due from any person on personal property a lien on real estate owned by such person is not to be construed as imposing the tax lien on after acquired property.

[Decided November 3, 1903.]                    (74 Pac., 88.)

Error to the District Court, Natrona County, Hon. Charles W. Bramel, Judge.

Action by Edgar B. Shaffner against the Board of County Commissioners of Natrona County to quiet title to certain land acquired by homestead entry under the public land laws of the United States as against a tax lien. Judgment

was rendered for plaintiff in the District Court, and the defendant prosecuted error. The material facts are fully stated in the opinion.

*Alex T. Butler* and *J. A. Van Orsdel,* for plaintiff in error.

After the issuance to a homestead entryman of final receipt for his land, the land becomes subject to a lien for all delinquent taxes theretofore due from the entryman on personal property and improvements on the land assessed against him without opposition. (Flanigan v. Forsythe, 50 Pac., 152; Crocker v. Donovan, 30 id., 374; Iron Works v. King Co., 54 id., 1004; Johnson v. Borin, id., 804; Stark v. Duvall, id., 453.) Taxes assessed on improvements on public land are taxes on real estate and a lien on the improvements. (People v. Smith, 55 Pac., 767; R. Co. v. Ya Vapai Co., 21 id., 768; Hale, &c., v. Story Co., 1 Nev., 104; 95 U. S., 265; 58 Cal., 144; 37 Pac., 370; Ter. v. Clark, 35 Pac., 882; 11 Kan., 222; Struby v. Davis, 31 Pac., 495; Percival v. Thurston, 45 Pac., 159; 38 id., 1043.) Improvements on public land held under the homestead laws before final proof are subject to taxation. (State v. Tucker (Neb.), 56 N. W., 718; 1 Okl., 165; 7 Pac., 187; 56 Mo. App., 647; R. S. Wyo., Secs. 1870, 1857, 1763; Const., Art. 15, Sec. 1.) The homestead is liable for tax. (R. S., Sec. 1885.)

The statute fixing a time for the meeting of the Board of Equalization is sufficient notice. If a party fails to appear at that meeting, he will not be aided by the courts. (Board v. Searight, 3 Wyo.; 777.)

A tax is not a debt within the meaning of Section 1878, R. S. U. S. (1 Desty on Taxation, 9.) The plaintiff in error cannot rely on a homestead right of his grantor.

*Allen G. Fisher,* for defendant in error.

The point involved here is the power of the State to seize government land for personal taxes. The point is ably discussed in Bronson v. Kukuk, 3 Dill., 490. (See also

Taylor v. Robinson, 34 Fed., 678; Van Bockelin v. Anderson, 117 U. S., 151; N. P. Ry. Co. v. Rockne, 115 U. S., 600; Tracy v. Reed, 38 Fed., 69.)

CORN, CHIEF JUSTICE.

The defendant in error brought this suit to quiet title to a certain piece of land as against a lien claimed by plaintiff in error for unpaid taxes. No evidence was introduced, but the case was heard on the pleadings and judgment rendered in favor of the plaintiff below in accordance with the prayer of his petition. It appears that, in July, 1893, one Parkhurst entered the land in question as a homestead under the laws of the United States, and in April, 1899, made his proof and obtained his final receipt. On July 20, 1899, Parkhurst conveyed the land to defendant in error, his wife joining in the deed. The lien claimed is for taxes assessed against Parkhurst on the improvements on said land and on other personal property for the years 1894 to 1899, inclusive.

It is not contended by plaintiff in error, as we understand, that the land itself was subject to taxation prior to the issuance of the final receipt in April, 1899. Up to that time it was the property of the United States and not subject to state taxation. (Bronson v. Kukuk, 3 Dill., 490; Cooley Tax. (3d Ed.), 135; Rev. Stat. Wyo., 1762.) But plaintiff in error maintains in its brief: "That where a person enters a tract of land under the U. S. homestead law in July, 1893, and final receipt is issued to the entryman in April, 1899, and during said time, 1893 up to and including April, 1899, said entryman returns for taxation personal property and the improvements on said homestead, and the same are regularly assessed without opposition of the entryman during said years and, at the time final receipt is issued by the U. S. land officers to the entryman, said taxes are delinquent and unpaid, the land after final receipt is holden for all such delinquent taxes." And, without argument, he cites in support of his statement, Flanigan v. Forsythe, 50

Pac., 152; Crocker v. Donovan, 30 Pac., 374; Washington Iron Works v. King County, 54 Pac., 1004; Johnson v. Boring, id., 804, and Stark v. Duvall, id., 453. We have examined the cases referred to and they do not support the proposition contended for.

But it is alleged in the petition and admitted in the answer that final receipt did not issue to Parkhurst until in April, 1899. The precise date is not stated, but it is alleged as "the ...... day of April, 1899." At that time it ceased to belong to the United States and became the property of Parkhurst, against whom the taxes in question were assessed. As, confessedly, these taxes could not be a lien upon the land while it remained the property of the United States, the question presented then is whether they became a lien at the time the land passed into the ownership of Parkhurst or at any time subsequent thereto and prior to the conveyance to plaintiff in error. They are not a lien unless by virtue of a statute. Our statute on the subject is Rev. Stat., Sec. 1870: "On the 31st day of December, in each year, the unpaid taxes of that year shall become delinquent and shall draw interest at the rate of eight per cent per annum until paid, or collected by distress or sale, in addition to the penalty imposed by the preceding section, and taxes upon real property are hereby made a perpetual lien thereon, against all persons or corporations except the United States, and this State, and taxes due from any person or corporation on personal property shall be a lien on real estate owned by such person or corporation." There is no allegation in the pleadings that any lien had been obtained by any suit or proceeding instituted by the taxing authorities and, if any existed, it was by virtue of this section. In some of the states it is provided in substance that taxes due from any person upon personal property shall be a lien upon any real property owned by such person, or to which he may acquire title. (Cummings v. Easton, 46 Ia., 184.) We have no such provision as to after acquired property, and it is plain that this was after

acquired property. In Cooley on Taxation (3d Ed.), 865, the rule is stated to be: "To authorize a sale of lands for taxes a lien must exist, either created in terms by the statute itself, or established by some official proceedings under the statute. * * * The general rule is that taxes are not a lien unless expressly made so; and when liens are expressly created they are not to be enlarged by construction. If, therefore, the statute in terms makes the tax a lien on one species of property, it will not by intendment be extended to any other species. And if in terms it makes the tax a lien on all property and rights of property of the person taxed, the lien will be limited to property and rights owned when the tax accrued." Construing the statute according to the rule as thus stated, it is evident that it imposed no lien upon this land.

Counsel for plaintiff in error also states the propositions, first, "that taxes assessed on improvements made upon public, non-assessable land are taxes upon real estate and a lien upon the improvements," and, second, "that improvements on land held under the homestead laws of the United States, on which final proof has not been made, are subject to taxation." But, conceding that these propositions are a correct statement of the law upon that subject, it is not perceived that they in any way affect the question of the lien claimed in this case upon the land, and he does not explain or point out the connection. It appears that taxes were assessed upon improvements on this land, but there is no allegation in the pleadings anywhere that there are now any improvements upon it, or that the improvements assessed for taxation were upon it when plaintiff in error purchased or that they, or any improvements, were conveyed to him. The claim of plaintiff in error is that the land is subject to the lien, and the attempt is to enforce it against that and not to enforce it against any improvements, either as a part of the real estate or as personal property. There is nothing to connect the matter in any way with this case.

Defendant in error contends that to charge the land with these taxes would be in violation of the provisions of Section 2296, R. S. U. S., that such lands shall not be liable for any debt of the entryman prior to the issuance of the patent. But we do not find it necessary to consider this question. We are unwilling to hold that our statute, Section 1870, imposes the lien upon after acquired property, and we have found no case where a statute has been so construed in the absence of an express provision for the purpose. The equities in this case are all in favor of the defendant in error and against the lien. During all these years the property upon which the taxes were assessed was liable for their payment, and it does not appear that any attempt was made to collect them, but Parkhurst was suffered to depart from the county, presumably carrying with him whatever personal property he may have possessed, leaving the taxes unpaid.

Defendant in error alleges, and it is not denied, that he examined the records in the offices of the County Clerk and County Treasurer and found no delinquent list of unpaid taxes for any year; that, upon inquiry, he was specifically informed by the County Treasurer that there were no unpaid taxes of said Parkhurst or any lien for taxes against the land except the tax against it for the year 1899, unextended upon the tax list, which he tenders, and that he purchased relying upon such information and the absence of any delinquent list as shown by his examination of the records. We think the statute should not be construed to establish a secret lien of this character in the absence of appropriate words clearly showing that such was the intention of the Legislature.

The judgment will be affirmed.

KNIGHT, J., and POTTER, J., concur.