STATE BOARD OF EQUALIZATION of the State of Wyoming, Appellant (Plaintiff below),

v.

COURTESY MOTORS, INC. (Defendant below),

and

Chopping Motors, Appellee (Defendant below).

No. 2982.

Supreme Court of Wyoming.

May 9, 1961.

Norman B. Gray, Atty. Gen., and W. M. Haight, Deputy Atty. Gen., for appellant.

Brown, Healy, Drew, Apostolos & Barton, William H. Brown, Morris R. Massey, Casper, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER, and McINTYRE, JJ.

Mr. Justice PARKER delivered the opinion of the court.

The State Board of Equalization brought suit against Courtesy Motors, Inc., and Chopping Motors for sales tax alleged to be owing. Courtesy Motors made no appearance and we shall hereafter refer to Chopping Motors as defendant.

The facts developed by stipulation and agreement without the presentation of evidence were: Courtesy Motors, Inc., which held a selective sales license, quit business on March 20, 1957. On April 23, a notice of assessment for $484.48 was sent that corporation by the board. A purchase money, chattel mortgage for some $38,000 had been given by Courtesy Motors to defendant July 18, 1955, and on the same day was filed in the office of the county clerk. This mortgage was foreclosed by defendant on June 5, 1957, and the property covered was purchased by the mortgagee for the sum of $20,000, leaving a deficiency of some $10,000; however, no

money changed hands. On these facts, the court entered judgment for defendant.

The statute upon which plaintiff predicates its claim is § 39–300, W.S.1957:

"The tax imposed by this act * * shall be a lien, with preference over all creditors, excepting taxes and debts due the United States, upon the property of any wholesaler or retailer or proprietor who shall sell out his business or stock of goods or shall quit business * * * and his successor in business shall be required to withhold sufficient of the purchase money to cover the amount of said taxes * * *. If the purchaser of a business or stock of goods shall fail to withhold the purchase money as above provided, and the taxes shall be due and unpaid after the thirty-day period allowed, he, as well as the vendor, shall be personally liable for the payment of the taxes collected, interest and penalties accrued and unpaid by the former owner."

Plaintiff contends that defendant as a purchaser of the property is liable for the payment of the unpaid taxes, such liability growing out of the provisions of the mentioned statute and basically arising by reason of the precedence of the tax lien over defendant's chattel mortgage executed at a time after the Selective Sales Tax Act had been passed, although prior to the date when the tax was due.

Defendant, while conceding that the legislature has the constitutional power "to make a sales tax lien * * * preferred to all other liens, whether antecedent or subsequent," denies that such a construction of the statute is warranted. Although other argument is presented, the crux of plaintiff's contention is the definition of the words "all creditors," and it is urged that these show the legislature to have intended that a sales tax lien take precedence over every obligation both secured and unsecured. In arriving at this conclusion, plaintiff says that no designation is more inclusive than is "all" and that the word "creditors" includes those of all types. While this argument, developed as it is by reference to various definitions, is somewhat persuasive, even plaintiff is apparently aware of the danger in relying upon generic statements and presents cases from other states to show that the lien for sales tax is considered to be superior to that of other liens. Unfortunately, these cases are of limited assistance since, as plaintiff admits, no other statute is similar to that in Wyoming and substantially all of those considered provided that the sales tax lien shall have priority over all other liens. An analysis of these cases would therefore avail little.[1]

Plaintiff discusses at some length a Wyoming district court ruling of some years past wherein it was held that the lien for sales tax took precedence over a purchase money, chattel mortgage. Several facts which evidently had a bearing in that case were dissimilar to the one at bar, but in any event the judgments of district courts are not precedents[2] and are valuable only to the extent that any sound view is worthy of consideration.

It is agreed by the parties that taxes can become a lien only by virtue of statute, and accordingly, the interpretation of § 39–300, W.S.1957,[3] is the determining factor in the present cause. In an analysis of the matter we turn first to the legislative history. The sales tax law was

1. The priority of sales tax liens is discussed in 47 Am.Jur. Sales and Use Taxes § 40 (1943) and Annotation, 136 A.L.R. 1015, but these contain no reference to cases closely parallel to the instant situation.

2. In re Estate of Seaman, 166 Ohio St. 51, 139 N.E.2d 17; City of Sedalia to Use of Sedalia Nat. Bank v. Donohue,

190 Mo. 407, 89 S.W. 386, 4 Ann.Cas. 89. See 14 Am.Jur. Courts § 84 (1939); 21 C.J.S. Courts § 201 (1940).

3. Section 1, c. 19, S.L. of Wyoming, 1961, amended the law by excepting from the preference "liens of record, which have been filed or recorded prior to the imposition of a tax lien as perfected by this Act."

first passed in 1935 as c. 74, and § 10 thereof provided, inter alia, that "The tax imposed by this Act shall be a lien upon the property of any * * * retailer * * * who shall sell out his business * * *." The law was amended [4] by c. 102, S.L. of Wyoming 1937, and to this portion of the section was added "with preference over all creditors, excepting taxes and debts due the United States." We have been unable to ascertain the intent of the legislature in making this addition, and the words must therefore speak for themselves, but they are scarcely self-explanatory.

A companion section, originally § 11, c. 74, S.L. of Wyoming, 1935, and now § 39-299, W.S.1957, may throw some light on the subject. As first passed it read, "A tax due and unpaid under this Act shall constitute a debt due the state from the vendor and may be collected * * *." This section was amended, § 11, c. 102, S.L. of Wyoming, 1937, to read, "A tax due and unpaid under this Act shall constitute a debt due the State from the vendor and is hereby made a lien on all the property of the vendor. * * *" Plaintiff argues that the legislature in the companion statute merely provided that the tax due should be a lien without stating whether it was superior or subordinate to other liens and that this fact gives emphasis to the statement of preference in § 39-300, dealing with a licensee who sells out his stock of goods or quits business. Defendant, on the other hand, urges that the provision in the companion section which states that a tax *due and unpaid* constitutes a debt and is made a lien means that the lien cannot take priority until the tax is due. Both of these arguments are logical and contribute something to the meaning of the statute here 'in issue. We agree with plaintiff that the legislature must have intended in § 39-300 to provide for a preference, but we are reluctant to extend the meaning beyond the words actually used and to say that the tax debt has preference over all other liens when the words "preference over all creditors" are used. We conclude that the provision in § 39-299 making the lien contingent upon the tax being due and unpaid implies a like meaning in § 39-300 and negatives the idea that plaintiff's lien can antecede the date that the tax became due even though there was a selling of the stock of merchandise or a quitting of business.

Defendant also contends that (a) there can be no personal liability except by a strict compliance with the terms of the statute which depends upon the withholding of purchase money and says that here no money changed hands; (b) the statute is not operative except as to a successor in business and here the business did not continue; and (c) the plaintiff's lien could attach only to the equity which Courtesy Motors had in the mortgaged property. No cases are cited which would justify the adoption of any of these contentions, and we think they are unworthy of consideration here.

Analysis of the arguments presented discloses then that there are no cases decided on statutes similar to the one before us. The arguments of counsel for both litigants are logical and would perhaps be equally persuasive except that this court has not only adhered to the general rule against making taxes a lien except as expressly authorized by statute but has repeatedly said that statutes of this nature may not be enlarged by construction. Farm & Cattle Loan Co. v. Faulkner, 34 Wyo. 199, 242 P. 415; Board of Com'rs of Natrona County v. Shaffner, 12 Wyo. 177, 74 P. 88, 109 Am. St.Rep. 971; Lobban v. State ex rel. Carpenter, 9 Wyo. 377, 64 P. 82. Other jurisdictions have recognized this rule as is indicated by numerous cases cited in

4. The enactment is considered to be an amendment even though the original law expired by its own terms. State v. Holly Sugar Corporation, 57 Wyo. 272, 116 P. 2d 847.

DeLaney v. City and County of Denver, 10 Cir., 185 F.2d 246; and notwithstanding plaintiff's argument to the contrary, we hold this principle to be as binding now as when first announced in this jurisdiction.

The legislature had authority to provide that the lien created by § 39–300 would be superior to any other lien, but it did not so state in specific terms, and the court is without authority to enlarge the wording of the statute by interpretation.

The judgment of the district court is affirmed.