505 F.2d 1064
 15 UCC Rep.Serv. 734
 UNITED STATES of America, Plaintiff,
v.
WYOMING NATIONAL BANK OF CASPER, Defendant-Appellee, H. A.
True, Jr., Impleaded-Defendant-Appellee, Riverton
Auction and Livestock Co.,
Impleaded-Defendant-Appellant.
 No. 74-1117.
 United States Court of Appeals, Tenth Circuit.
 Argued Sept. 11, 1974.
Decided Nov. 4, 1974.
 
 No appeal by, or appearance for, the United States.
 Harold E. Meier, Lander, Wyo. (Meier & Gist, Lander, Wyo., on the brief), for impleaded-defendant-appellant Riverton Auction and Livestock Co.
 William E. Barton, Casper, Wyo. (Claude W. Martin and Brown, Drew, Apostolos, Barton & Massey, Casper Wyo., on the brief), for defendant-appellee Wyoming National Bank of Casper.
 Houston G. Williams, Casper Wyo. (Frank D. Neville and Wehrli & Williams, Casper, Wyo., on the brief), for impleaded-defendant-appellee H. A. True, Jr.
 Before BREITENSTEIN, SETH and McWILLIAMS, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 This controversy relates to the respective rights of creditors of a defunct packing company. The action was brought by the United States to enforce a tax levy. Jurisdiction lies under 28 U.S.C. 1340 and 1345; see also 26 U.S.C. 7402. The district court gave judgment for two secured creditors and against both the United States and the unpaid seller of certain cattle. The United States has not appealed. Our concern is with the claims asserted by the seller against the secured creditors. We affirm.
 
 
 2
 Appellees Wyoming National Bank of Casper and H. A. True were secured creditors of Wyoming Beef Packers, Inc. Appellant Riverton Auction and Livestock Co. on November 24, 1970, sold cattle to Packers. Packers took immediate possession of the cattle and they became part of its inventory. In payment for the cattle Packers gave Riverton two checks totalling $10,155.38. Bank refused to pay one check because of insufficient funds and the other because of an insufficient endorsement. On December 6 an audit disclosed that Packers was in default under its loan and security agreement with Bank. On the next day Packers turned all of its assets over to Bank. Riverton has never been paid for the cattle.
 
 
 3
 The United States sued Bank to enforce a tax levy against property of Packers held by Bank. Bank impleaded True and Riverton. Riverton filed a cross-claim against Bank and True. True filed a cross-claim against Riverton. Trial was to the court which made findings that are not here contested. Bank was adjudged a first, and True a second, secured creditor with rights superior to the United States. Riverton was relegated to the position of a general creditor.
 
 
 4
 On the day of trial, but before it began, Riverton moved under Rule 41, F.R.Civ.P., to dismiss its cross-claims against Bank and True, and moved under Rule 21, F.R.Civ.P., to be dropped as a party. The motions were opposed by the other parties and were denied by the court. Riverton claims that under Wyoming law it has a superior right to recover the unpaid purchase money, and desires to have that issue decided in state court.
 
 
 5
 The motions are interrelated and may well be considered together. Riverton was a proper party to the suit. In an action to enforce a tax lien 'all persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.' 26 U.S.C. 7403(b). Riverton and True each claimed an interest in the property which Bank held and which the United States asserted was subject to its levy. Joinder was feasible and proper under Rule 19 because without Riverton and True in the suit Bank would be subjected to the 'substantial risk of incurring double, multiple, or otherwise inconsistent obligations.'
 
 
 6
 Rule 41(c) provides that voluntary dismissal by a cross-claimant of a cross-claim is impermissible after a responsive pleading has been filed. Because responsive pleadings to Riverton's cross-claim had been filed, dismissal could be had only by court order, Rule 41(a)(2), reviewable for abuse of discretion. Shaffer v. Evans, 10 Cir., 263 F.2d 134, 135. The grant of the motion to dismiss would not have taken Riverton out of the case because it was both an impleaded defendant and a cross-defendant.
 
 
 7
 Rule 21 permits a party to be dropped on motion. Here again the motion is addressed to the discretion of the court. 7 Fed.Pract. & Proc. 1688, p. 342; see also Standard Industries, Inc. v. Mobil Oil Corporation, 10 Cir., 475 F.2d 220, 232, cert. denied, 414 U.S. 829,94 S.Ct. 61, 38 L.Ed.2d 63. The court did not abuse its discretion in denying either the Rule 41 or the Rule 21 motion. Riverton was a proper party whose presence was needed to protect the rights of all parties and to accomplish the expeditious determination of the litigation. Ibid.
 
 
 8
 We turn to the merits. Riverton argues that the Packers and Stockyards Act, 7 U.S.C. 181 et seq., and particularly regulations of the Secretary of Agriculture promulgated thereunder and appearing as 9 CFR 201.43(b) and 201.99, control. Reliance is placed on In re Samuels & Co., Inc., 5 Cir., 483 F.2d 557. That decision was reversed sub nom., Mahon v. Stowers, 416 U.S. 100, 94 S.Ct. 1626, 40 L.Ed.2d 79. Among other things, the Supreme Court said that the interests of cattle sellers 'like that of similarly situated sellers, would depend for protection upon their taking of appropriate steps under the commercial law of the various States in which they did business.' 416 U.S. at 112, 94 S.Ct. at 1632, 40 L.Ed.2d at 88. The Court went on to say that a course of conduct mandated by the Act or regulations might 'be relevant or even dispositive under state law.' 416 U.S. at 114, 94 S.Ct. at 1633, 40 L.Ed.2d at 89. In the case at bar we find nothing in the Act, or in the mentioned regulations, which is relevant to or dispositive of the state law issues.
 
 
 9
 This brings us to Wyoming law. Riverton argues that federal courts are bound by a pertinent Wyoming decision. In a state court suit involving Bank, Packers, and an unpaid seller, the seller prevailed over secured creditors. The Wyoming Supreme Court affirmed on the basis of an equally divided court. Wyoming National Bank of Casper v. Greenwald, Wyo., 506 P.2d 434. Two justices voted to reverse on the ground that summary judgment was improper because evidence should have been received as to Bank's good faith and two voted to affirm on the ground that it was apparent as a matter of law that Bank was not a good faith purchaser.
 
 
 10
 The record before us establishes Bank's good faith both in the receipt of its security interest and in its refusal to honor Packers' checks payable to Riverton. The decision of the Wyoming Supreme Court is not pertinent. The proceedings of the state district court are not reported and are not before us. We have no way of knowing the facts before that court or the rationale of its decision. In Wyoming a district court decision does not have precedential value and is persuasive only to the extent of its underlying logic. State Board of Equalization v. Courtesy Motors, Inc., Wyo., 362 P.2d 134, 135. A federal court need not follow state decisions which are not precedents in the state itself. King v. Order of United Commercial Travelers of America, 333 U.S. 153, 160-161, 68 S.Ct. 488, 92 L.Ed. 608. Absent a controlling Wyoming decision, we must apply that state's law as we see it.
 
 
 11
 The issues require consideration of the Wyoming version of the Uniform Commercial Code. See Wyo.Stat., 1973 Cum.Supp. Chap. 22, 34-1-101 to 34-10-105. The trial court's finding of good faith on the part of Bank is not attacked on this appeal. When Packers took possession of the cattle, it had the power to transfer good title to Bank, a good faith purchaser for value, see 34-2-403(1). A purchaser is one who takes by purchase. 34-1-201(33). Purchase includes taking by mortgage, pledge, lien or any other voluntary transaction creating an interest in property. 34-1-201(32). A person gives value for rights if he acquires them as security for, or in partial satisfaction of, a pre-existing claim. 34-1-201(44)(b). The transfer occurred when Packers took possession of the cattle because Bank's security interest then attached. See 34-9-204; First National Bank of Elkhart County v. Smoker, Ind.App., 286 N.E.2d 203, 209. The only title interest which Riverton could retain was a security interest. see 34-2-401(1).
 
 
 12
 The trial court found that when Packers took possession of the cattle they became part of its inventory. Riverton does not attack the validity of the security agreements held by Bank and True. The inventoried cattle, and the proceeds therefrom, were subject to those agreements. See 34-9-306. Riverton does not claim a security interest for itself. Rather, it argues that UCC must be liberally construed, see 34-1-102(1), and in the absence of specific provisions resort must be had to principles of law and equity. It says that as a defrauded seller its rights are superior to those of Bank and True. The difficulty is that 34-2-702(2) provides that on a credit sale to an insolvent buyer, seller has 10 days to make written demand for reclamation and: 'Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.' This eliminates any common-law claim by a defrauded seller. Riverton made no demand for reclamation within the 10-day period provided by 34-2-702(2).
 
 
 13
 Riverton relies on 34-2-507(2), which provides that: Where payment is due and demanded on the delivery to the buyer of goods * * * his right as against the seller to retain or dispose of them is conditional upon his making the payment due.' The provision applies between seller and buyer. We are concerned with the respective rights of seller and holders of security interests.
 
 
 14
 Although Riverton does not now assert a security interest, it should be noted that Riverton made no effort to comply with the provisions of 34-9-312(3) and (4) relating to the respective priorities of a purchase money security interest and a conflicting security interest.
 
 
 15
 Riverton did not take advantage of the rights which it had under Wyoming law and must now yield to the superior rights of Bank and True. The United States District Judge for Wyoming so held. In the absence of a controlling state decision, his determination of the law of that state is most persuasive. Julander v. Ford Motor Co., 10 Cir., 488 F.2d 839, 844.
 
 
 16
 Affirmed.