duPONT GLORE FORGAN, INCORPO-
RATED, Plaintiff,

v.

ARNOLD BERNHARD & CO., INC.,
et al., Defendants.

No. 73 Civ. 3071.

United States District Court,
S. D. New York.

Aug. 24, 1976.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City by Phillip N. Smith, Jr., Luce, Hennessy, Smith & Castle, Dallas, Tex., of counsel, for plaintiff duPont Glore Forgan, Inc.

Fortas & Koven, Washington, D.C. by Joseph M. Berl, Washington, D.C., of counsel, Arum, Friedman & Katz, New York City by David Miller, New York City, of counsel, for defendant.

OPINION

WERKER, District Judge.

This is a suit arising under Sections 12(2) and 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934 and rule 10b–5 and pendent state claims under § 352–c of the New York General Business Law, common law fraud, and with respect to defendants Arnold Bernhard & Co., Inc. and Arnold Bernhard, a violation of § 206(4) of the Investment Advisers Act of 1940. The complaint alleges that plaintiff, a broker-dealer making a market in the common stock of Jet Air Freight, Inc. ("Jet Air"), purchased shares of that stock from the defendants who had received and used without disclosure to the public, material adverse information concerning Jet Air's financial position. As a result of the eventual disclosure of this information to the general public, the over-the-counter price of Jet Air's common stock dropped far below the price which plaintiff had paid for its shares.

Plaintiff alleges that on August 14, 1972, Arnold Bernhard & Co., Inc., Arnold Bernhard, and the Value Line Special Situation Fund, Inc. ("Value Line") (referred to hereinafter collectively as the "selling defendants") contacted duPont and offered to sell to it Jet Air common stock then owned by Value Line. Plaintiff further alleges that the selling defendants received and used inside information from Jet Air including information with regard to its net earnings

for the second quarter and first six months of 1972 which was not disclosed to either duPont or the public. According to the complaint, when on August 17, 1972 a public announcement was made concerning the decline in Jet Air's net earnings, the over-the-counter market price had dropped from the August 16th price of $21.00 to $3.50 per share at the time of the filing of the complaint. Defendants deny these allegations and allege that the earnings of Jet Air for the relevant period were known and accessible, that the earnings report did not contain material information, and that the reported earnings were not material at the time of the purchase.

The amended complaint contains allegations in regard to the circulation by Jet Air of false and misleading information concerning earnings and projected earnings, the failure to correct false information, and the failure to disclose the fact that outsiders were selling stock while in possession of adverse information.

The court has before it a motion to amend the complaint and to drop Jet Air as a defendant pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure.[1] Jet Air has filed a petition under Chapter XI of the Bankruptcy Act in the United States District Court for the Central District of California.

Under Rule 11–44 of the Bankruptcy Rules, an automatic stay of actions against a debtor who has filed such a petition goes into effect.[2] DuPont seeks to drop Jet Air as a defendant because of the latter's financial condition. In the meantime, on account of the stay, duPont is unable to proceed with the drafting of a pretrial order or the setting of a trial date. Jet Air, through communications from its attorney to attorney for plaintiff, has indicated its consent to this motion.

Defendant's opposition to this motion is based on their contention that dropping Jet Air would prejudice the remaining defendants who have structured their strategy with the belief that Jet Air would remain a party and that dropping Jet Air would subject them to multiple litigation. Defendants have not cross-claimed against Jet Air.

A motion to drop a party is addressed to the court's discretion. *Fair Housing Development Fund Corp. v. Burke*, 55 F.R.D. 414 (E.D.N.Y.1972); C. Wright & A. Miller, *Federal Practice and Procedure* § 1688 (1972). This rule has been applied where as here issue has been joined but trial has not commenced. *Standard Indus., Inc. v. Mobil Oil Corp.*, 475 F.2d 220 (10th Cir.), *cert. denied*, 414 U.S. 829, 94 S.Ct. 55, 38 L.Ed.2d 63 (1973). In addition, a motion to amend the complaint should be freely granted unless prejudice to other parties will result. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The facts of this case indicate that no undue prejudice would result from the dropping of Jet Air from the lawsuit and

---

1. Rule 15(a) provides as follows:

"(a) *Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

Rule 21 proves in pertinent part as follows:

"Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

2. Rule 11–44(a) provides as follows:

"(a) *Stay of Actions and Lien Enforcement.* [A Chapter XI petition] shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding, except a case pending under Chapter X of the Act, for the purpose of the rehabilitation of the debtor or the liquidation of his estate."

that the plaintiff should be granted the relief it seeks. There is no possibility of inconsistent obligations being imposed upon the defendants in light of the fact that Jet Air is at most a joint tortfeasor and would not at any future time seek the identical relief which plaintiff seeks here. The only "multiple" litigation which could arise would be a suit by the objecting defendants for contribution or indemnity against Jet Air. It seems somewhat unlikely that the objecting defendants would pursue Jet Air in light of its financial situation. Moreover, assuming the objecting defendants were held liable to duPont and suit were brought against Jet Air, the issue in that suit would be whether or not the objecting defendants relied on misleading and false information given them by Jet Air, an issue which would not have arisen in the first trial.

The objecting defendants have no vested right in having the defendant, Jet Air, remain in this suit. *Broadway & Ninety-Sixth St. Realty Corp. v. Loew's Inc.*, 23 F.R.D. 9 (S.D.N.Y.1958), is a case analogous to the one at bar. There defendants who had settled their dispute with plaintiff and with other third-party defendants sought in part to have the complaint dismissed as against them. Other defendants, who had not cross-claimed against any moving defendant, objected. The court indicated that it could:

> "think of no reason in law or justice why the moving defendants, having bought their peace from plaintiffs, should be required to continue as co-parties with the objecting defendants and for their sole benefit.
>
> The joinder of the moving defendants by plaintiffs gave their fellow defendants no vested interest in the presence of the moving defendants as co-parties." *Id.* at 11.

The objecting defendants are similarly situated here where plaintiff and Jet Air consent to this motion. *See also Southern Electric Generating Co. v. Allen Bradley Co.*, 30 F.R.D. 135, 136 (S.D.N.Y.1962), where, when some of the defendants moved for dismissal as to them, the court granted the motion stating that "none of the objecting defendants have a vested right to keep any other defendant in the suit, when the plaintiff consents to the dismissal."

In the absence of any real prejudice to the objecting defendants, it would be unfair to delay the resolution of matters for the plaintiff on account of the Jet Air bankruptcy proceeding, or to require that duPont seek relief from the stay of the bankruptcy court.[3]

Rule 21 of the Federal Rules states, "[p]arties may be dropped or added by order of the court . . . on such terms as are just." Accordingly, the dismissal of Jet Air is conditioned on its making material witnesses available at trial. *Benger Laboratories Ltd. v. R. K. Laros Co.*, 24 F.R.D. 450 (E.D.Pa.1959), *aff'd*, 317 F.2d 455 (3d Cir.), *cert. denied*, 375 U.S. 833, 84 S.Ct. 69, 11 L.Ed.2d 64 (1963); 3A J. Moore, *Federal Practice* para. 21.05/1/ at 21–24 (2d ed. 1974). *See also* cases interpreting Rule 15(a) to allow courts, within their discretion, to impose conditions on the granting of leave to amend a pleading, *e. g., Key Pharmaceuticals, Inc. v. Lowery*, 54 F.R.D. 447 (S.D.N.Y.1970); *Maynard, Merel & Co. v. Carcioppolo*, 51 F.R.D. 273 (S.D.N.Y. 1970). The costs of making such witnesses available shall be borne by the party seeking to make that witness his own. For the reasons indicated above, the motion to drop Jet Air, so conditioned, is granted.

SUBMIT ORDER.

---

**3.** Under Rule 11–44(d) relief from stay is available. Rule 11–44 provides in pertinent part as follows:

"(d) *Relief from Stay.* Upon the filing of a complaint seeking relief from a stay provided by this rule, the bankruptcy court shall, subject to the provisions of subdivision (e) of this rule, set the trial for the earliest possible date, and it shall take precedence over all matters except older matters of the same character."