W. R. HALL TRANSPORTATION AND STORAGE CO., a Colorado corporation, Plaintiff-Appellant,

and

Walter D. Wheeler and Linda Wheeler, d/b/a Diamond Trucking, Plaintiffs,

v.

Peggy Lou KING, Rancho Deluxe, Ltd., Kenneth M. Jones and Rita M. Jones, Defendants-Appellees,

and

John Gatenby, The American Asphalt Corporation, Harry C. Lightner, Jean L. Lightner, Ralph W. Davidson, Mildred A. Davidson, William J. McKee, Claire G. McKee, Richard D. Gilstrap, Albert Roy Franch, Fred Wiseman, Dorothy E. Wiseman, Del Herman d/b/a Steamboat Excavating, Moffat Ready Mix, Inc., and Doris Ann Franch, Defendants.

W. R. HALL TRANSPORTATION AND STORAGE CO., a Colorado corporation, Plaintiff-Appellant,

v.

Peggy Lou KING, Kenneth M. Jones and Rita M. Jones, Defendants-Appellees,

and

John Gatenby, The American Asphalt Corporation, Del Herman d/b/a Steamboat Excavating, Moffat Ready Mix, Inc., Defendants.

W. R. HALL TRANSPORTATION AND STORAGE CO., a Colorado corporation, Plaintiff-Appellant,

v.

RANCHO DELUXE, LTD., Defendant-Appellee,

and

John Gatenby, The American Asphalt Corporation, and Del Herman d/b/a Steamboat Excavating, Defendants.

Nos. 78–274, 78–273 and 78–491.

Colorado Court of Appeals, Div. III.

Sept. 6, 1979.

Rehearing Denied Oct. 18, 1979.

Certiorari Granted Feb. 11, 1980.

Sharp & Black, P. C., Mary Jane Simmons, Steamboat Springs, for plaintiff-appellant.

Videon & Thornberry, Thomas C. Thornberry, Craig, Harry A. Tucker, Jr., Craig, for defendants-appellees.

KELLY, Judge.

W. R. Hall Transportation and Storage Company appeals the judgments of the trial court in three separate actions to foreclose mechanics' liens. These actions were consolidated on appeal. The appeals are predicated on the trial court's order in action No. 3472 (Court of Appeals No. 78–274) dropping certain parties defendant. In actions No. 3530 and 3531 (Court of Appeals Nos. 78–491 and 78–273), the trial court interpreted this order as a dismissal of the claims against the defendants. Hall contends that the court wrongly characterized its prior order as a dismissal rather than as a severance of the claims against the misjoined parties. We dismiss the appeal in action No. 3472 and reverse the judgments in actions No. 3530 and 3531.

In August 1976, Hall brought action No. 3472 against John Gatenby and The American Asphalt Corporation to recover monies owed for construction asphalt sold by Hall to these defendants. There being no appearance by the defendants, default was entered by the clerk in October 1976. In November, a first amended complaint was filed without leave of court, seeking foreclosure of mechanics' liens against six separate parcels of real property and adding 17 defendants. Two of these defendants filed motions asking that they be dropped as parties or that the claims against them be severed. The trial court, on February 14,

1977, entered an order dropping from the action all except Gatenby and other named defendants, who were retained as parties with respect to lien claims against one of the parcels of property (parcel A). The order stated that the remaining issues "should proceed, if at all, by separate action."

In March 1977, Hall filed a complaint in action No. 3531 against Gatenby, The American Asphalt Corporation, and five other defendants who had been dropped from the first action, seeking foreclosure of its mechanics' lien against another parcel of property (parcel B). On the same date, Hall also filed a complaint in action No. 3530 against Gatenby, The American Asphalt Corporation, and two of the defendants who had been dropped from the first action, seeking foreclosure of its mechanics' lien against another parcel (parcel C). Both complaints alleged that the last day of delivery of asphalt was July 2, 1976, and that action No. 3472 had been commenced on August 20, 1976.

The court granted motions for partial summary judgment in both of these cases on the ground that its February 14 order in action No. 3472 was "tantamount to a dismissal," and that, consequently, these two actions had not been brought within the six-month limitation of § 38–22–110, C.R.S. 1973. Hall argues that the trial court's February 14 order was an order to sever claims against misjoined parties, not a dismissal. If this be correct, then the question is whether the operation of the statute of limitations was tolled by the relation back of the two complaints filed after the February 14 order to the date of the filing of the first amended complaint in action No. 3472.

■ C.R.C.P. 21 provides that parties may be dropped by order of the court when they are improperly joined. The rule gives the trial court the authority to sever the claims against improperly joined parties and to proceed with them separately. *Centennial Casualty Co. v. Lacey*, 133 Colo. 357, 295 P.2d 690 (1956). Since the trial court did not characterize its February 14 order as a dismissal at the time it was entered, it was an abuse of discretion to so character-

ize it one year later, thus depriving the litigant of the right to pursue a timely appeal. Under these circumstances, we hold that the February 14 order was a severance.

Accordingly, the statute of limitations, § 38–22–110, C.R.S.1973, was tolled by the filing of the first amended complaint in action No. 3472 joining all the parties later severed. The filing of a law suit "shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitations would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation[s] were intended to insure." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

In view of our conclusions in actions No. 3530 and 3531, we find it unnecessary to reach the issues in actions No. 3472. Therefore, the appeal in that action is dismissed. (Court of Appeals No. 78–274). The judgments are reversed in actions No. 3530 and 3531 and the causes are remanded for further proceedings. (Court of Appeals Nos. 78–491 and 78–273).

SILVERSTEIN and BERMAN, JJ., concur.