Peggy Lou KING, Kenneth M. Jones, Rita M. Jones and Rancho Deluxe, Ltd., Petitioners,

v.

W. R. HALL TRANSPORTATION AND STORAGE CO., a Colorado corporation, Respondent,

and

John Gatenby, The American Asphalt Corporation, Del Herman, d/b/a Steamboat Excavating Moffat Ready Mix, Inc., and Richard D. Gilstrap, Defendants.

No. 79SC342.

Supreme Court of Colorado.

Jan. 18, 1982.

Rehearing Denied March 1, 1982.

Harry A. Tucker, Jr., Craig, for petitioners Peggy Lou King, Kenneth M. Jones and Rita M. Jones.

Kourlis & Thornberry, Thomas C. Thornberry, Craig, for petitioner Rancho Deluxe, Ltd.

Sharp & Black, P. C., Mary Jane Simmons, Steamboat Springs, for respondent W. R. Hall Transp. and Storage Co.

DUBOFSKY, Justice.

The defendants, owners of real property subject to mechanics' liens, appealed from the Court of Appeals' decision in *W. R. Hall Transp. & Storage Co. v. King*, 43 Colo.App. 202, 606 P.2d 75 (1979) which reversed the dismissal by the Moffat County District Court of mechanics' lien actions brought by the plaintiff, W. R. Hall Transportation and Storage Company. We granted certiorari and reverse the judgment of the Court of Appeals.

The plaintiff originally filed an action against John Gatenby and American Asphalt Corporation on August 20, 1976, for $17,818.56, the value of 1,000 tons of asphalt supplied by the plaintiff to Gatenby during May, June and July, 1976 (Civ. Action No. 3472). The plaintiff obtained a default judgment against Gatenby on October 12, 1976. On November 26, 1976, relying on C.R.C.P. 15(a),[1] the plaintiff, without leave of the court, amended the complaint to add a number of additional parties and claims.[2] The amended complaint sought to add to the personal money judgment claims against Gatenby and American Asphalt Corporation mechanics' lien claims against six separate parcels of property to which Gatenby had furnished asphalt.[3] At the same time, the plaintiff recorded a single notice of lis pendens listing each of the parcels.

On February 3, 1977, two of the defendants added in the amended complaint moved for an order dropping them as defendants or severing the claims against them. On the same day, the court advised the plaintiff that it intended to dismiss all lien defendants except one because there was no identity as to property owners or material delivered as required by section 38–22–110, C.R.S.1973.[4] The court entered

---

1. C.R.C.P. 15(a) provides: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is filed...."

2. The amended complaint purported to add seventeen individual defendants.

3. The liens were asserted against three motels, a filling station and two residences.

4. Section 38–22–110 provides:
   "No lien claimed by virtue of this article, as against the owner of *the property* or as against one primarily liable for the debt upon which the lien is based ... shall hold the property longer than six months after the last work or labor is performed, or materials furnished, or after the completion of the building, structure, or other improvement, ... unless an action has been commenced within that time to enforce the same, and unless also a notice stating that such action has been commenced is filed for record within that time in the office of the county clerk and recorder of the county in which *said property* is situate. Where two or more liens are claimed of record against *the same property*, the commencement of any action and the

an order on February 14, 1977 under C.R.C.P. 21 dropping all the added defendants except the owners of the first parcel of property listed in the amended complaint on the ground that there had been a misjoinder of parties. C.R.C.P. 21 provides:

Misjoinder of parties is not grounds for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action on such terms as are just. Any claim against a party may be severed and proceeded with separately.

The court held that the remaining issues against the other parcels of real property and the other parties should proceed, if at all, by separate actions.

The plaintiff filed separate actions (Civ. Action No. 3530, against Rancho Deluxe, Ltd., property, and Civ. Action No. 3531, against Shady Lawn Motel property) on March 4, 1977. In the complaints commencing these separate actions, the plaintiff incorporated by reference the notice of lis pendens filed with the amended complaint in Civil Action No. 3472 on November 26, 1976. The plaintiff did not file separate notices of lis pendens in connection with either Civil Action No. 3530 or No. 3531. The defendants in both actions sought partial summary judgment because section 38–22–110 bars an action establishing a mechanic's lien if it is not commenced within six months after the last work or labor is performed, material furnished, or improvements completed. The last day asphalt was provided to Rancho Deluxe, Ltd. was July 2, 1976 and to Shady Lawn Motel, July 6, 1976. The separate actions against the two defendants were not filed until March 4, 1977, approximately eight months after the material was furnished. The district court granted summary judgment for the defend-

ant property owners in Civil Action No. 3531 on January 5, 1978 on this ground and because the plaintiff failed to record notice of lis pendens upon the filing of the action. The court ruled that improper commencement of an action resulting in dismissal does not toll the mechanics' lien statute during the pendency of the improperly commenced action and that notice of lis pendens in connection with one action is not sufficient to notify interested persons of another action. The same order was entered in Civil Action No. 3530 on March 4, 1978.

The plaintiff appealed to the Court of Appeals [5] which reversed the trial court's entry of summary judgment in Civil Action Nos. 3530 and 3531. The Court of Appeals held that the trial court order of February 14, 1977 was a severance of claims [6] rather than a dismissal because the February 14th order did not characterize the dropping of the added parties as a "dismissal." The Court of Appeals found that the trial court's failure to characterize its order as a dismissal misled the plaintiff and deprived it of its right to pursue a timely appeal. The appeals court concluded that since the order should have been a severance, the statute of limitations in section 38–22–110 was tolled by the filing of the amended complaint in Civil Action No. 3472 on November 26, 1976.

The defendants in Civil Action Nos. 3530 and 3531 sought certiorari, arguing that the effect of dropping parties is dismissal of those parties as a matter of law under C.R.C.P. 21, that the pendency of the mechanics' lien actions against the misjoined parties did not toll the six-month statute of limitations for such claims, and that it was the plaintiff's responsibility to inform the court of the statute of limitations problem

filing of the notice of the commencement of such action within that time by any one or more of such lien claimants in which action all the lien claimants as appear of record are made parties, either plaintiff or defendant shall be sufficient." (Emphasis added.)

5. The plaintiff appealed in Civil Action Nos. 3472, 3530 and 3531. The Court of Appeals

consolidated the cases and dismissed the appeal in Civil Action No. 3472. The plaintiff did not seek certiorari review of that dismissal.

6. "Severance ... makes a separate and independent action of the severed claim...." 3A *Moore's Federal Practice* ¶ 21.05(2), at 21–39 (1979).

if parties were dropped. We agree with the defendants' contentions and therefore reverse the judgment of the Court of Appeals.

The district court correctly characterized its order, both before the order was entered and when the court granted the defendants' motions for partial summary judgment, as a dismissal of claims against the defendants. C.R.C.P. 21, which is identical to Fed.R. Civ.P. Rule 21,[7] alters the common law rule requiring dismissal of an entire action in which parties have been improperly joined. *Kerr v. Compagnie De Ultramar*, 250 F.2d 860 (2d Cir. 1958); 3A *Moore's Federal Practice* ¶ 21.03, at 21–8 (1979); 7 *Wright & Miller, Federal Practice and Procedure* § 1681, at 319 (1972). According to Federal Rules commentators, the primary purpose of Fed.R.Civ.P. 21 is to permit the cure of defects in joinder of parties, preserving so much of the action as is properly before the court. 3A *Moore's Federal Practice, supra*, ¶ 21.05[2], at 21–41. *See Wright & Miller, Federal Practice and Procedure, supra*, § 1681. The language of the rule emphasizes that misjoinder is not fatal and that a range of alternative remedies should be employed to preserve those issues and parties properly included in an action. Thus, the rule, having stated that misjoinder "is not grounds for dismissal of an action," goes on to delineate the proper remedy for eliminating improperly joined parties: "Parties may be dropped ... by order of the court on motion of any party or of its own initiative at any stage of the action on such terms as are just." Then, to clarify that not only improper parties but improperly brought *claims* as well may be dropped without jeopardizing an action, the rule sets out the correct procedure for eliminating improper *claims*: "Any claim against a party may be severed and proceeded with separately." While severance of all claims against a given party may have the effect of splitting off a complete separate action against that party, the general intent of the rule is to specify alternative remedies: *dropping* of

an improper party; *severance* of an improper claim. *See Wright & Miller, supra*, § 1689, at 345. ("Although the primary significance of Rule 21 is in the joinder of parties, it does have an effect on the joinder of claims.")

■ In its February 14th order, the trial court stated:

Rule 21, ... provides that dismissal is not the remedy for misjoinder, however, but that parties may be *dropped* on such terms as are just. The Court concludes that the interests of justice and the provisions of the Statute, C.R.S. 38–22–111 require that ... all Defendants except [Gatenby and six other defendants] be dropped from this proceeding.

. . . . .

IT IS THEREFORE ORDERED that:

. . . . .

All Defendants other than [the above defendants] be and they are dropped as parties Defendant.

(Emphasis in original.)

The court's intent that the additional parties be dropped is clear from the language of the order; the Court of Appeals' characterization of the order after the fact as a severance was error. The decision whether to drop parties is within the sound discretion of the court, *duPont Glore Forgan, Inc. v. Arnold Bernhard & Co.*, 73 F.R.D. 313 (S.D.N.Y.1976), *United States v. E. I. DuPont De Nemours & Co.*, 13 F.R.D. 490 (D.Ill.1953), and will not be disturbed on appeal unless abuse is shown. *United States v. Wyoming National Bank of Casper*, 505 F.2d 1064 (10th Cir. 1974); 3A *Moore's Federal Practice, supra*, ¶ 21.03[1], at 21–10; *Wright & Miller, supra*, § 1688, at 342.

■ Later, in granting partial summary judgment in Civil Action No. 3531, the trial court stated:

---

7. Where Colorado and Federal Rules of Civil Procedure are essentially identical, case law interpreting the Federal Rule is persuasive in analysis of the Colorado rule. *Harding Glass*

*Company v. Jones*, —— Colo. ——, 640 P.2d 1123 (1982).

In "dropping" the parties in its Order dated February 14, 1977, the Court did not dismiss Civil Action No. 3531, but dropped improper parties under the mechanic's lien Statute. The "action" was not dismissed, but as to the dropped parties, the Court's Order was tantamount to a dismissal.

The Court of Appeals held that "[s]ince the trial court did not characterize its February 14 order as a dismissal at the time it was entered, it was an abuse of discretion to so characterize it one year later . . . ." We find no such abuse. The district court did not characterize the dropping of parties as a dismissal. It merely stated that as to the dropped parties the February 14th order was "tantamount to a dismissal." This is an accurate statement of the order's legal effect. The dropping of a party under Rule 21 is equivalent to dismissal without prejudice of the claim against that party. *Sabolsky v. Budzanoski*, 457 F.2d 1245 (3rd Cir. 1972) *cert. denied*, 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96; *Harvey Aluminum v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953). *See United States v. E. I. DuPont De Nemours & Co., supra.*

The Court of Appeals considered crucial the issue of whether the February 14th order constituted a severance or a dismissal of the added parties apparently because it assumed that characterizing the order as a "severance" would mean that the six-month statute of limitations in the mechanics' lien statute was tolled when the amended complaint was filed on November 26, thus allowing the plaintiff's subsequent complaints in Civil Action Nos. 3530 and 3531 to be timely filed, whereas characterizing the order as a "dismissal" would not result in tolling of the statute of limitations. While we are not necessarily convinced that this semantic distinction would have such conclusive effect, we now consider whether the trial court's order precluded the plaintiff from filing within the prescribed time, and if so, whether this worked an injustice on the plaintiff in violation of the C.R.C.P. 21 requirement that improperly joined parties be dropped only "on such terms as are just."

■ Generally, when a statute does not specifically allow for the tolling of a statute of limitations during the pendency of a prior action, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him. 51 *Am.Jur.2d Limitation of Actions* § 311 (1970). The dropping of a party under Rule 21 is equivalent to dismissal without prejudice of the claim against the party. *Sabolsky v. Budzanoski, supra; Harvey Aluminum, Inc. v. American Cyanamid Co., supra. See United States v. E. I. DuPont De Nemours & Co., supra.* The mechanics' lien statute contains no specific provisions allowing the six-month period to be tolled.

In past decisions, the six-month time limitation has been strictly applied. For example, joinder of one lien claimant after the statutory period in an action initiated by another claimant within the time limit is not allowed under the statute, *Cox v. Bankers Trust Co.*, 39 Colo.App. 303, 570 P.2d 6 (1977), nor is tardy joinder of an additional defendant allowed in an action timely brought. *Rogers Concrete, Inc. v. Jude Contractors*, 38 Colo.App. 26, 550 P.2d 892 (1976). Strict application of the six-month limit is based on the principle that extending the lifetime of a perfected lien would vest a lien creditor with greater rights than were granted by the statutory provision creating the right, *Cox v. Bankers Trust Co., supra,* 51 *Am.Jur.2d, supra,* § 309. In addition, strictly limiting the time during which property is encumbered renders "titles to real property and to interests and estates therein more safe, secure and marketable," *Kalamath Investment Co. v. Asphalt Paving Co.*, 153 Colo. 109, 384 P.2d 938, 940 (1963).

■ The absence of a statutory provision for tolling and the policy reasons behind the short statute of limitations lead us to conclude that the six-month time limit should not be suspended in this case. Since the complaints in Civil Action Nos. 3530 and 3531 were filed March 4, 1977, approximate-

ly eight months after the last material was furnished, their filing was not timely.

Section 38–22–110 also requires filing of a notice of commencement of a lien foreclosure action in the office of the county clerk and recorder of the county in which the subject property is situated. This notice is in the form of a lis pendens, described in C.R.C.P. 105(f). *See Bulow v. Ward Terry & Co.*, 155 Colo. 560, 396 P.2d 232 (1964); *Kalamath Investment Co. v. Asphalt Paving Co., supra.* Here, although the plaintiff filed a lis pendens notice with its amended complaint in Civil Action No. 3472, it did not file separate notices in connection with Civil Action Nos. 3530 and 3531, instead merely incorporating by reference in the complaints commencing these actions the original lis pendens notice. The purpose of recording the lis pendens notice is to give notice of the pendency of an action to persons who may subsequently acquire or seek to acquire rights in the property. *Kalamath Investment Co. v. Asphalt Paving Co., supra.*[8] Here the original lis pendens notice recorded in November was not sufficient to warn third parties of the pendency of the subsequent separate actions. As the trial court noted, persons searching the county recorder's title records for the subject property would find the notice of commencement of Civil Action No. 3472. An examination of the court file in that action would reveal that certain defendants had been dropped from that action and that the plaintiff was required to proceed against those defendants, if at all, by the commencement of separate actions. The county recorder's records contained no indication that separate actions were filed to foreclose liens against the dropped defendants.

■ The final issue for determination is whether the trial court's February 14th order constitutes a violation of C.R.C.P. 21's requirement that parties be dropped "on such terms as are just" because the order

prevented it from foreclosing on its liens. *See Sabolsky v. Budzanoski, supra; Kerr v. Compagnie De Ultramar, supra; duPont Glore Forgan, Inc. v. Arnold Bernhard & Co., supra; United States v. E. I. DuPont De Nemours & Co., supra.* We conclude that barring the plaintiff from further action was not unjust in this instance. The plaintiff, after obtaining a default judgment against one of the original defendants and without leave of the court, amended its complaint to add seventeen additional defendants, relying on C.R.C.P. 15(a) which allows a party to amend its pleading "once as a matter of course . . . before a responsive pleading is filed." However, C.R.C.P. 21 requires that parties be added "by order of the court on motion of any party or of its own initiative." Whether C.R.C.P. 15 or 21 controls the addition of parties before a responsive pleading is filed is subject to dispute, but a majority of the federal courts that have considered the issue have held that an amendment adding or replacing parties before a responsive pleading is filed requires leave of court. *Wright & Miller, supra,* § 1688, at 343–44; 3A *Moore's Federal Practice, supra,* ¶ 21.02, n. 2, at p. 21–3 through 21–5. It is not necessary in this case to decide whether leave of court is always required to add parties; it is clear that in a situation such as the one before us, the plaintiff, having failed to seek leave of the court to add parties, proceeded at its own peril. The plaintiff's improper amendment of its complaint, and not the trial court's subsequent dismissal of improperly joined parties, caused the statute of limitations problem. Although the plaintiff filed a memorandum in early February 1977 requesting severance rather than dismissal of the added parties, it did not bring to the court's attention the potential bar to maintenance of mechanics' lien actions against the dropped parties. The plaintiff argued to the Court of Appeals that it did not

8. The language of section 38–22–110 states that one notice of lis pendens is sufficient as to all claimants. *Bulow v. Ward Terry & Co.*, 155 Colo. 560, 396 P.2d 232 (1964). This provision of the statute by its terms applies only to the addition of other *claimants* whose claims relate

to the *same property* as the party who originally files the lis pendens notice. The defendants added in the November 26th amended complaint were not claimants, but parties against whom the plaintiff was attempting to foreclose liens on six different pieces of property.

understand the order dropping parties to operate as a dismissal until the court ruled a year later on the defendants' summary judgment motions. The district court did not have a duty to explain the legal effect of dropping parties under C.R.C.P. 21. It is the responsibility of parties' counsel to recognize the import of a court's decision and to argue the relevant legal issues to the court.

There may be some instances in which dropping of parties under C.R.C.P. 21 so penalizes one or more litigants as to constitute an injustice and thus an abuse of trial court discretion, *see Wright & Miller, supra*, § 1688, especially where court delays after filing of an action create statute of limitations problems. *See Franklin Contract Sales Co. v. First National Bank of Denver*, Colo., 615 P.2d 684 (1980). However, where, as here, the plaintiff commenced its action against seventeen additional defendants improperly and without leave of court, and where it failed to alert the court to the possible abrogation of its opportunity to bring separate actions against those defendants, the district court's order dropping improperly joined parties will not be deemed unjust or an abuse of discretion.

Judgment reversed.