### No. 12,209.

WESTERN ELATERITE ROOFING COMPANY *v.* FISHER.

Decided November 26, 1928. Rehearing denied December 17, 1928.

6

Mr. Frederick P. Cranston, for plaintiff in error.

Mr. W. E. Clark, for defendant in error.

*Department Two.*

Mr. Justice Campbell delivered the opinion of the court.

The defendant Fisher owned Denver city lots on which a building had been erected. She made a contract with one Soderberg for repairs thereon, and, at the request and instance of Soderberg, the plaintiff furnished materials and performed labor on the roof of this building. Not receiving pay therefor the plaintiff brought this action to recover a judgment against Soderberg for the amount due on its job, and to establish a mechanic's lien upon the property against the owner for the amount due. The trial court entered judgment for the plaintiff against Soderberg for the amount of the claim, and against the plaintiff and in favor of the owner denying the lien. As the plaintiff's contract was with Soderberg, the principal contractor, its status thereunder was that of a sub-contractor. But, as the contract between the owner and Soderberg was not filed for record, sections 6444 and

6450, C. L. 1921, because of such failure, converted or changed plaintiff's status by making it, with respect to the time for filing a lien statement, a principal contractor. The trial court so ruled and properly held that plaintiff's lien statement might be filed within three months from the completion by plaintiff of its work on the building. The sole question for decision was and is, did plaintiff file its lien statement within the period of three months from the time its work was completed? The trial court specifically found, and there is no dispute as to this finding, that plaintiff's lien statement was filed August 10, 1927. The court further found, and this finding is controverted, that plaintiff's job was completed May 6, 1927, while plaintiff contends the job was not finished until July 5. If plaintiff's work was finished May 6, this statement was not filed in time. If the work was not completed until July 5, the statement was seasonably filed.

We recognize the existence of the general rule, which we have so often enforced, that the findings of a trial court or a jury are not lightly to be disturbed by a reviewing court and not at all, unless the case in hand comes within some recognized exception that suspends the operation of the general rule. With these rules of practice in mind we have read the entire evidence on which the trial court based its findings that plaintiff's job was completed on May 6, and are forced to the conclusion that it is not only not supported by the evidence, but is palpably against it. The plaintiff's contract on this job required it to furnish materials and perform labor in connection with repairs on the roof of a building that had previously been erected upon defendant's land. In other words, the nature of the work which the plaintiff contracted to do was repair work. Plaintiff began the work on April 27 with ten or more employees who then laid the roof which was a composition of a tar preparation that was laid in strips 36 inches wide. This work was done during April and May. After the strips were laid the plaintiff's men were called to another job.

All of the seams where the strips joined had not then been covered with an asphalt preparation which, to keep nails from rusting and the roof from leaking, was necessary. Later and on July 5, on information by, and at the request of, the occupant of the building to fix the roof so that it would not leak, plaintiff sent its workmen to complete the job and they went to the premises and covered these seams with the necessary asphalt preparation, the process being called: "mopping the seams." The evidence as we read it is all to the point that it was necessary, and an essential part of plaintiff's job, that this "mopping of the seams" be done; otherwise the roof would leak. Plaintiff was called back to complete the very work it contracted to do. This work which plaintiff contracted to do was not completed until the seams were mopped. See on this point: *Curtis v. McCarthy,* 53 Colo. 284, 125 Pac. 109; *Lichty v. Houston L. Co.,* 39 Colo. 53, 88 Pac. 846; *Stidger v. McPhee,* 15 Colo. App. 252, 62 Pac. 332.

In this latter case the building was held to be uncompleted until a change was made in a door and also that an owner who demands work as a part of the contract cannot complain that the work was completed prior thereto. See also *Federal Trust Co. v. Guigues,* 76 N. J. Eq. 495, 74 Atl. 652.

The only evidence in this record which we have discovered that tends in any degree to weaken what we have just said is that one of the plaintiff's office men listed upon the ticket that he made out when the call for this work reached plaintiff's office: "repair roof." If, as matter of fact, as seems in this record to be true, the entire work that was done on this building under this contract was in itself in the nature of repair work, that is, putting on a new roof or making repairs on an existing roof of a building that had previously been erected, this notation is of no significance. But aside from this, this was merely a matter of bookkeeping or of information for the plaintiff itself and does not have the effect

which seems to have been attributed to it by the trial court as conclusive that this "mopping of the seams" was an entirely independent transaction, and had no connection whatever with the work previously done upon the building of such a character and in such a way as to prevent leaking. Plaintiff's job was not completed until the work was so done that the leaking was stopped. All the evidence shows that "mopping of the seams" was essential and necessary to make the work on the roof comply with the contract of the plaintiff.

It necessarily follows that the judgment must be, and it is, reversed and the cause remanded with instructions to the trial court to enter a judgment in favor of the plaintiff as against the defendant owner establishing the lien prayed for.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.