No. 16,081.

Monks *v.* Searle.
(197 P. [2d] 158)

Decided August 23, 1948.

Mr. Walter H. Anderson, for plaintiff in error.

Mr. Sid Pleasant, Mr. Worth F. Shrimpton, for defendant in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

Monks contracted with Sloan for construction of an addition to a building owned by the former for the total price of $5,000. Searle furnished material to Sloan to be used in the construction of the addition, filed his lien

in apt time and brought action in foreclosure thereof against Monks only, also in apt time, without joining the principal contractor as party defendant until by amendment after the period of limitations provided by the statute had expired. From judgment and decree of foreclosure, Monks seeks relief.

It is first urged that the contractor was a necessary party, that a personal judgment against him was a condition precedent to foreclosure of the materialman's lien, and that the statute of limitations had run before he was made a party. However, neither the contract nor any memorandum thereof was filed in the office of the county recorder as provided by section 15, chapter 101, '35 C.S.A. As a result, the materials supplied are deemed to have been furnished at the personal instance of the owner, and the materialman is entitled to his lien for the value thereof directly against the owner. *Armour & Co. v. McPhee & McGinnity Co.*, 85 Colo. 262, 275 Pac. 12. Thereby the principal contractor became a proper, but not a necessary, party to the foreclosure, and the action was sufficient without him. If defendant wished him made a party he could be joined under our third-party practice. The other specifications of points do not merit consideration.

Judgment affirmed.

Mr. Justice Hilliard does not participate.