No. 17,460.

W. B. Barr Lumber Company, A Colorado Corporation
v. C. N. Thompson, Frank Teti and Ann Teti.

(281 P. [2d] 1016)

Decided March 28, 1955.  Rehearing denied April 25, 1955.

Mr. Warren Kent Robinson, for plaintiff in error.

Mr. Francis S. Mancini, Mr. Thomas C. Singer, for defendants in error Teti.

Mr. Justice Holland delivered the opinion of the Court.

Barr Lumber Company, a Colorado corporation and plaintiff in error, maintains a lumber yard and offices in the City and County of Denver, and on March 3, 1953, C. N. Thompson, one of the defendants in error, applied to it for credit in order to obtain building materials to

do a remodeling job on a house on premises owned by defendants in error Teti. Erlich, credit manager for the Barr company, made specific inquiry as to the material, the kind of job, the length of time required, and who were the owners of the property on which the work was to be done. Exhibits offered and admitted in evidence disclose the purchase of material and delivery to the project as contemplated.

Nothing in the record sheds any light on the contract between the owners and the contractor, and it may well be assumed that it was not in writing. It is shown that originally it was to be a small job, but subsequently additional work had been requested by the owners and Thompson reported to Erlich on several occasions that he was doing additional work for the owner. At any rate, there is no showing in the record that any contract concerning this work ever was filed in the office of the county clerk and recorder of the county where the premises were located; there is ample testimony concerning payments and credits; and the allegation of the balance due, to firmly establish that the contract, oral or written, was in excess of $500.00. The trial court found that the contract was not in writing and no memorandum thereof ever was recorded. It appears that the last work, as a completion of the job, was on May 11, 1953.

Claiming a balance due of $2,075.94, Barr Lumber Company filed its statement of lien on August 5, 1953, and filed its complaint for foreclosure of the lien on September 9, 1953. Defendant owners answered the complaint, admitting ownership, but denying all other allegations of the complaint. In his separate answer, defendant Thompson, the contractor, denies that he is primarily liable for the debt; admits all of the other averments of the complaint; asserted a cross claim against defendant owners; and further asserted that defendant owners were indebted to Barr Lumber Company for the amount of the claim, either directly or through him, by reason of an oral plus-labor agreement that he had with de-

fendant owners to remodel their home. The parts of our statutes concerning liens of mechanics and others, are C.R.S. 1953, 86-3-1, 2 and 9.

Trial was had to the court and the findings, so far as material here, were that the contract between the owners and the contractor exceeded $500.00; was not in writing and not recorded; that the work was completed on May 11, 1953; that the lien statement of Barr Lumber Company was filed on August 5, 1953; that under section 15 of the statute referred to, a direct lien to the material-man was given where the contract exceeds $500.00 and was not in writing and not recorded, but does not extend the time for filing lien statement from two months to three months under the provisions of section 23; it also found that situations might arise in which a material-man might be a principal contractor, but before he can claim as such and rely upon three months within which to file his lien, he must contract personally with the owner for the furnishing of the materials; that since such is not the case here, the materialman had only sixty days within which to file a lien statement; and therefore it was not filed within the time required. The court ordered that judgment enter in favor of Barr Lumber Company against defendant Thompson in the amount of $2,600.80, and that the cross claim of Thompson against defendant owners be dismissed. Counsel for defendant owners moved for dismissal as to them; this motion was granted. Motion for new trial was filed by Barr Lumber Company and the motion was sought to be sustained on the ground, and other reasons, that where the contract between the owner and the personal contractor exceeded $500.00; has not been filed with a county clerk and recorder; and there is no compliance with the statute, then all subordinates to the principal contractor become principal contractors and therefore have the same time for filing mechanic lien statements as the principal contractor; that the principal contractor's time is any time within three months after the completion of the work; that

a materialman is not required to deal directly with the owners in order to have a claim of mechanic's lien. This motion was denied and plaintiff seeks reversal of the judgment by claiming that the court erred in finding that the materialman has only sixty days to file a lien statement; that privity of contract by the owners of the property and materialmen is created by statute; that plaintiff has not waived any claim of mechanic's lien; and is not estopped from claiming same; and finally that plaintiff made a prima facie case and the court erred in granting a motion to dismiss at the conclusion of plaintiff's case.

All of these contentions are meritorious; however, a discussion or determination of each is unnecessary since it is our conclusion that this matter can be disposed of upon resolution of one point, that is, to the effect that plaintiff's lien statement filed within three months after the completion of the job was within the rule established by this Court in the case of *Western Elaterite Roofing Co. v. Fisher,* 85 Colo. 5, 273 Pac. 19, wherein it was clearly held that where the contract was not filed for record as required by statute, the lien claimant's status was changed with respect to the time for filing a lien, that is, it became a principal contractor and therefore by statute was given three months from the completion of the work within which to file the lien statement.

Without setting out the three sections of the mechanic's lien statute involved, it is sufficient to say that section 15, gives materialmen a right to a lien for materials furnished, whether done or furnished at the instance of the owner of the building or his agent; it further is provided that the contractor in charge of the construction shall be held to be the agent of the owner for the purposes of this statutory provision; and the sections further provide protection for the owner in requiring a written contract to be recorded if compensation for the job is over $500.00, and if recorded, the lien claimant may stop

payments to the principal contractor or enable the owner to do so by service upon the owner his notice of intention to claim mechanic's lien, and thereby, the owner may protect himself by retaining money payable to the principal contractor. In the present case the lien statement filed by Barr Lumber Company contained the following:

"Second. That the name of the person claiming the lien is W. B. Barr Lumber Company, a Colorado corporation, which became a general contractor because contract exceeded $500.00 and contract was not filed in office of proper county clerk and recorder as required. (Principal contractor.)"

In the instant case, plaintiff Barr Lumber Company, in furnishing materials to Thompson, the principal contractor, its primary status was that of a subcontractor; however, the owner having failed to comply with the statute in not having a written contract recorded, altered the position of Barr Lumber Company to that of a principal contractor. Since the principal contractor has three months under the statute in which to file claims, the filing of such lien statement in the present case was within the three-months period and it was error for the trial court to hold otherwise and dismiss plaintiff's action as to the owners of the property. *Laverents v. Craig,* 74 Colo. 297, 225 Pac. 250; *Curtis v. Nunns,* 54 Colo. 554, 131 Pac. 403.

In face of the statute, the trial court erroneously determined that the materialman must contract personally with the owner for the furnishing of materials in order to have more than the two months within which to file. Privity of contract between owners of the property and materialmen is created by the statue, wherein the contractor is made the agent of the owner, and obviates the necessity of the materialmen contacting the owner in any manner whatsoever. The selling of the material to the contractor and charging same to his account does not operate as an estoppel to claim under the mechanic's lien statute.

Applying the views herein expressed, the action of the trial court in dismissing plaintiff's claim of lien against the owners was error. The judgment therefore is reversed and the cause remanded with directions to the trial court to vacate the order of dismissal, reinstate the complaint, and proceed to proper determination of the issues.