No. 20901.

WILLIAM BULOW, ET AL., *v.* WARD TERRY & CO., ET AL.

(396 P.2d 232)

Decided November 2, 1964.

562

Mr. GEORGE J. DUCKWORTH, for plaintiffs in error.

Mr. JACK D. HENDERSON, Mr. JAMES E. TURRE, for defendant in error Ward Terry & Co.

Mr. STANLEY W. PRISNER, for defendant in error A.B.Z. Lumber Co.

Messrs. BRADLEY, CAMPBELL, CARNEY & JOHNSON, for defendant in error Lee Sand & Gravel and Concrete Placing, Inc.

Mr. JOHN J. CONWAY, for defendants in error Gerald L. Madigan and James Pade, d/b/a Glenayr Carpet and Tile Company.

Mr. JOSEPH P. LEWIS, for defendant in error Lawrence M. Blatt, d/b/a Larry's Professional Dri-Wall.

Mr. WARREN KENT ROBINSON, for defendant in error Columbine Plastering and American Builders Supply, Inc.

Messrs. TINSLEY, ALPERSTEIN & FRANTZ, for defendant in error Competitors Company.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THIS writ of error is directed to a judgment of the trial court foreclosing numerous mechanics' liens on the property of the defendants, the Bulows, who are plaintiffs in error.

In March, 1961, the Bulows contracted with Jay Mac

Constructors, Inc., general contractors, for the construction of an apartment house, which is the property involved here. All of the lien claimants were subcontractors on the job. At the trial, there was evidence that some of the apartments were rented in early September, 1961, and that the Bulows obtained a Certificate of Occupancy from the Jefferson County Building Inspector on September 14, 1961. There was also evidence that work continued on the building until November 17 or 18, 1961, and on the swimming pool until May, 1962. The various lien statements were filed by the claimants during a period from December 1, 1961, through January 31, 1962.

The action to foreclose was commenced by A.B.Z. Lumber Company on February 26, 1962. Several of the other subcontractors were named as defendants in the complaint, in addition to the Bulows. Jay Mac was never served in the case. Thereafter, on April 5, 1962, Competitors Company, one of the defendants named, filed a "Motion to Bring in Additional Defendants," requesting an order to require A.B.Z. to amend its complaint, and include additional subcontractors as defendants. This motion was granted on April 16, 1962, without notice to, or the consent of, the Bulows. Answers and cross-claims against the Bulows were filed by various of the subcontractors who had been made parties defendant, asking for judgment in the amount of their liens.

Prior to trial, the Bulows admitted, in response to the request of A.B.Z., that their contract with Jay Mac had not been recorded. The trial court entered judgment in favor of each of the lien claimants who are defendants in error here.

The first assignment of error is that the trial court erred in denying the Bulows' motion to dismiss for failure to serve the principal contractor, Jay Mac, as required by C.R.S. '53, 86-3-15. The argument is without merit. When the contract amount is greater than $500

and the contract is not recorded, the principal contractor is a proper, but not a necessary party, and the action is sufficient without him. *Monks v. Searle,* 118 Colo. 493, 197 P.2d 158.

■ The Bulows next contend the trial court erred when it ordered the plaintiff to file an amendment to the complaint and bring in additional parties, without first obtaining leave of court and without giving notice and opportunity to the Bulows to be heard on the question of the joinder. C.R.S. '53, 86-3-11 requires that:

"* * * All persons having claims for liens, the statements of which shall have been filed as aforesaid, shall be made parties to the action.

"Those claiming liens who fail or refuse to become parties plaintiff, or for any reason shall not have been made such parties, shall be made parties defendant. * * *"

The trial court ordered the plaintiffs to amend the complaint in order to bring in the additional parties and this action of the trial court constituted the "leave of court" necessary to join the additional parties.

■ After the additional parties had been joined and filed their cross-claims, the Bulows answered each of those cross-claims, without objection. By so answering, they waived any right they may have had to object to the joinder of the additional parties on the grounds that the order requiring plaintiffs to join the additional parties was entered without notice to the Bulows.

■ The Bulows further argue that the findings of fact and conclusions of law made by the trial court do not meet the requirements of Rule 52, R.C.P. Colo. The following are the findings made by the trial court:

1. All parties necessary to be made parties to the action were regularly made parties.

2. All the lien claimants furnished materials or labor for the erection of the improvements and structures on the Bulows' property.

3. All the lien claimants filed their lien statements in conformity with C.R.S. '53, 86-3-9.

4. The action was commenced within the time prescribed by law.

5. Notice of lis pendens was duly recorded on commencement of the action.

These findings are more than adequate to meet the test we set out in *Lininger v. Lininger,* 138 Colo. 338, 340; 333 P.2d 625, 627:

"* * * any finding by the court 'that the evidence supports the allegations of the complaint' or a finding 'that the allegations of the complaint are true' or a finding which recites verbatim the pleading of an ultimate fact in the complaint, is sufficient to comply with Rule 52, R.C.P. Colo."

The essence of the requirement is to give the appellate court a clear understanding of the grounds of decision of the trial court. *Mowry v. Jackson,* 140 Colo. 197, 343 P.2d 833; *Murray v. Rock,* 147 Colo. 561, 364 P.2d 393. The requirement has been met here.

■ A fourth argument of the Bulows is that the trial court improperly gave an in personam judgment against them. The judgment, however, clearly states it is "in rem to be satisfied only by the sale of the property herein described."

■ The next argument of the Bulows is that the parties appearing as additional defendants did not file notices of lis pendens as required by C.R.S. '53, 86-3-10. The statute itself rebuts their contention. After setting out the requirement of a lis pendens, it reads:

"* * * Where two or more liens are claimed of record against the same property, the commencement of any action and the filing of the notice of the commencement of such action within that time by any one or more of such lien claimants in which action all lien claimants, as appear of record, are made parties, either plaintiff or defendant shall be sufficient."

Thus, when the plaintiff, A.B.Z., filed its notice of lis

pendens, the statutory requirement was met. This is consistent with the purpose of a lis pendens, which is to give notice to those interested in the property in question that a suit to foreclose a mechanic's lien is on file. Only one such notice, obviously, is necessary.

The Bulows claim, as another assignment of error, that the building was completed on September 14, 1961, and that therefore those lien statements which were filed after December 14, 1961, were not within the statutory period. This contention is apparently based on the fact that some of the apartments had been rented and that the Certificate of Occupancy was issued on September 14, 1961, and on the following section of C.R.S. '53, 86-3-9:

"* * * In case of contractors, the occupation or use of the building, improvement or structure by the owner, or his representative, or any other person with the consent of the owner or his agent . . . shall be deemed conclusive evidence of completion. * * *"

This statute, however, has been construed by this Court to mean that the occupation of the building by the owner must be open, entire, and exclusive and that "continuance by a contractor in the work of completing his contract while the building is occupied by the owner would prevent such occupation from being regarded as conclusive evidence of completion." *Mortgage Brokerage Co. v. W. B. Barr Lumber Co.*, 91 Colo. 445, 16 P.2d 32, 34. There was ample evidence in the record to show that the contractors here continued to work and supply materials in completion of their contracts after the occupancy by the owner.

Bulows' contract with Jay Mac was for an amount greater than $500, and, as mentioned, the contract was not recorded. C.R.S. '53, 86-3-1 provides that:

"* * * In case such contract is not filed, the labor done and the materials furnished by all persons before such contract or memorandum is filed, shall be deemed to have been done and furnished at the personal instance

of the owner, and they shall have a lien for the value thereof."

Therefore, the status of each of the lien claimants here was altered to that of a principal contractor, and each had three months from the completion of the building or improvements to file his lien statement. C.R.S. '53, 86-3-9. *W. B. Barr Lumber Co. v. Thompson,* 131 Colo. 347, 281 P.2d 1016. The liens here were all filed within three months from the last work done, and were, therefore, on record within the proper time.

Another argument made by the Bulows is that a number of the lien claimants filed their cross-claims after the statutory period for beginning an action to foreclose each of their liens had run. If we read C.R.S. '53, 86-3-10 and C.R.S. '53, 86-3-11 together, as we think we should, we must conclude that they require only that *one* of the lien claimants begins the action within six months of the completion of the work, and that the filing of such action by one lien claimant is sufficient to meet the six months time limitation as to all lien claimants, as appear of record, who are made parties either plaintiff or defendant within the six months limitation period. To hold otherwise would be to render the last sentence of C.R.S. '53, 86-3-10 meaningless. It is a well known principle that in the construction of statutes effect must be given to every word, phrase, and clause, if possible. The record supports the trial court's finding that within the six months after completion of the work A.B.Z. commenced the suit; the Competitors Company made its motion for the inclusion of additional parties, the court entered its order requiring the inclusion of additional parties, and the amended complaint adding the additional parties defendant was filed.

The Bulows also complain that many of the lien claimants did not serve them with a copy of the lien statement, as required by C.R.S. '53, 86-3-9. This requirement applies only to subcontractors; and we have already noted that all the lien claimants here are in the

position of principal contractors. *W. B. Barr Lumber Co. v. Thompson,* supra.

A number of objections were raised by the Bulows as to proof of delivery and incorporation of materials into the structure. Here again, the record contains sufficient evidence to support the trial court's findings that all the materials for which the liens were claimed were delivered at the premises and incorporated into the structure.

Some of the lien claimants' exhibits were objected to as containing hearsay statements pertaining to the value of the materials furnished. The record, however, clearly shows that a proper foundation was laid in each such instance, and that the witnesses testified that the prices appearing on the statements represented the reasonable value of the materials furnished.

The Bulows also contend that some of the materials furnished by the claimant, Ward Terry & Co., to the Bulows were personal property, and not lienable. A witness for Ward Terry & Co. testified that it had received payment for the personal property; and that it now sought only to enforce a lien on the materials which had become part of the realty by incorporation, and for which it had not been paid. The record shows that Ward Terry & Co. received some moneys on the Bulow job, but that it had applied these payments to the debt owed on the personal property. Under such circumstances, the following quotation from *Jackson v. A.B.Z. Lumber Co.,* 155 Colo. 33, 392 P.2d 288, 290, is particularly apposite.

"* * * In the absence of direction or expression by the debtor of his intent as to how payment should be applied, the presumption is that he thereby assents to such application of the funds as the creditor may desire to make. * * *"

The last assignment of error is that the trial court improperly admitted Exhibit No. 4, a triplicate copy of a purported contract between the claimant subcontractor, Competitors Company and Jay Mac Con-

570

structors, Inc., the general contractor, because the testimony did not show that the contract was ever signed. The error, if any, was harmless; testimony of the witness established an oral contract upon the same terms as Exhibit 4 between Competitors Company and Jay Mac Constructors, Inc., which contract was completed on the part of Competitors Company thereby creating the obligation upon which the lien was filed. See *Sargent v. Crandall,* 143 Colo. 199, 352 P.2d 676.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE SUTTON concur.