**AMCO ELECTRIC COMPANY, INC., a Colorado Corporation, Plaintiff,**

v.

**FIRST NATIONAL BANK OF DENVER and Percy Wilson Mortgage & Finance Corporation, Defendants-Appellants,**

v.

**FRANKLIN CONTRACT SALES, CO., Defendant-Appellee.**

No. 77–1065.

Colorado Court of Appeals, Div. I.

Jan. 15, 1981.

Towey & Zak, James J. Zak, Denver, for defendants-appellants.

Stephen H. Diamond, Denver, for defendant-appellee.

SMITH, Judge.

The judgment in this case was reversed by this court (42 Colo.App. 124, 596 P.2d 70), and upon certiorari, the Colorado Supreme Court reversed this court's decision relative to the issue of the timeliness of the filing of a motion to intervene in a mechanic's lien foreclosure action and remanded the cause for determination of the remaining issues. *Franklin Contract Sales Co. v. First National Bank*, Colo., 615 P.2d 684 (1980). For a recitation of the facts of the case, reference may be made to the two prior opinions herein.

Appellants assert two additional grounds for reversal other than the one on which we first disposed of the case. We find each of them to be without merit, and thus, affirm the original trial court judgment.

## I.

Appellants contend that the carpeting installed by Franklin was not an improvement under the mechanic's lien statute, § 38–22–101(1), C.R.S.1973, and thus, is not properly subject to a lien.

Section 38–22–101(1), C.R.S.1973, provides in pertinent part:

"Every person who supplies machinery, tools, or equipment in the prosecution of the work, and mechanics, materialmen, contractors, subcontractors, builders, and all persons of every class performing labor upon or furnishing directly to the owner or persons furnishing labor materials to be used in construction, alteration, improvement, addition to, or repair, either in whole or in part, of any building, mill, bridge, ditch, . . . or any other structure or improvement upon land, . . . shall have a lien upon the property upon which they have supplied machinery, tools, or equipment or rendered service or bestowed labor . . ."

A mechanic's lien established under the statute is based upon the principle that one who has enhanced the value of property by his labor or material is entitled to a superior lien if he follows certain prescribed procedures. *Wasson v. Hogenson*, 196 Colo. 183, 583 P.2d 914 (1978). This section is to be construed liberally in favor of the creation of liens. *C & W Electric, Inc., v. Casa Dorado Corp.*, 34 Colo.App. 117, 523 P.2d 137 (1974).

In this case it is undisputed that Franklin installed wall-to-wall carpeting over unfinished plywood flooring for individual units at a condominium project, and that that carpeting was to serve as the finished floor. On this issue the Master concluded, as did the trial court, that the carpet installed by Franklin was an improvement as described and defined by

§ 38–22–101(1), C.R.S.1973. We agree that under these circumstances the carpet constituted an improvement under the lien statute.

## II.

Appellants next contend that the filing of a lis pendens in accordance with § 38–22–110, C.R.S.1973, is an essential requirement to perfecting a lien claim, and that Franklin's failure to do so in this case is fatal to its claim.

While it is clear that Franklin did not file a notice of lis pendens, other subcontractors, Amco Electric Company and General Electric Credit Corporation, each filed a notice of lis pendens with respect to work done on the condominium project. Amco and General Electric were the plaintiffs who initiated the consolidated civil action to which Franklin became a party by way of intervention.

In his conclusions, subsequently adopted by the court, the Master held that the filing of the lis pendens by Amco and General Electric served as notice to any person subsequently acquiring an interest in the property of the pending mechanic's lien litigation, and that an examination of the court file referred to in the lis pendens would reveal the names of all parties to that litigation, including Franklin. This ruling was correct.

The relevant statute, § 38–22–110, C.R.S. 1973, provides in pertinent part:

"Where two or more liens are claimed of record against the same property, the commencement of any action and the filing of the notice of the commencement of such action within that time by any one or more of such lien claimants in which action all the lien claimants appear of record are made parties, either plaintiff or defendant shall be sufficient."

This statutory provision was interpreted in *Bulow v. Ward Terry & Co.*, 155 Colo. 560, 396 P.2d 232 (1964). There, the court held that failure to file notice of lis pendens by one of several lien claimants is not fatal to the lien of the non-filing claimant when

the notice that has been filed discloses the existence and nature of the claim of the non-filing claimant. In this regard, the *Bulow* court stated that such statutory interpretation was "consistent with the purpose of a lis pendens, which is to give notice to those interested in the property in question that a suit to foreclose a mechanic's lien is on file. Only one such notice, obviously, is necessary."

Hence, the failure to file notice of lis pendens by Franklin did not operate to defeat its claim.

The judgment is affirmed.

COYTE and BERMAN, JJ., concur.