**Stanley ABRAMS; Triple S, Inc.; Sandra Abrams; and Stanley Biber, Defendants-Appellants,**

v.

**COLORADO SEAL & STRIPE, INC., Cross-Claimant-Appellee.**

**No. 82CA1255.**

Colorado Court of Appeals, Div. III.

May 30, 1985.

Zuckerman & Kleinman, P.C., Leo T. Zuckerman, Michael J. Kleinman, James S. Miller, David W. Osterman, Denver, for defendants-appellants.

Hartlaub & Gall, Steven A. Gall, Granby, for cross-claimant-appellee.

TURSI, Judge.

In this mechanic's lien action, Stanley and Sandra Abrams, Triple S, Inc., and Stanley Biber (defendants) appeal a trial court judgment in favor of Colorado Seal & Stripe, Inc., foreclosing its mechanic's lien and dismissing defendants' claim for breach of contract. Defendant Sandra Abrams also appeals that portion of the judgment holding her personally liable to Seal & Stripe on a promissory note. We affirm.

Biber owned a piece of property on which the Abrams and Triple S, Inc., were serving as general contractors for the development of a condominium project. In mid-November 1979 Seal & Stripe performed paving work on a road in the project. The work was interrupted, and in March of 1980, Seal & Stripe was called back for additional work on the road.

On February 28, 1980, another subcontractor, William Cobb, filed a mechanic's lien action and recorded a lis pendens against the property joining the defendants

named here and other parties of record interest. Seal & Stripe was not made a party at that time.

Seal & Stripe filed a lien statement against the property on May 27, 1980. On July 17, 1980, another subcontractor intervened in the lawsuit and joined Seal & Stripe as a defendant. Then on August 26, 1980, Seal & Stripe filed cross-claims against defendants in this same action to foreclose its mechanic's lien and for the amount due on a promissory note. Defendants cross-claimed against Seal & Stripe for damages for breach of contract, alleging the paving work was done in an unworkmanlike manner. All claims, except those between the parties named in this appeal, were settled prior to trial.

### I.

Defendants contend that Seal & Stripe failed to establish a valid lien against the property because it did not commence an action on its lien in a timely fashion. We disagree.

Defendants argue that because Seal & Stripe performed paving work in November 1979 but did not file its cross-claim until August 1980, it did not comply with the requirement that a lien action be commenced within six months after the last work or labor is performed. *See* § 38–22–110, C.R.S. However, there was testimony at trial that Seal & Stripe did substantial follow-up and repair work on the road in March 1980. There was also evidence to show that other work was done on the project by other subcontractors immediately prior to the commencement of trial. *See Meurer, Serafini & Meurer, Inc. v. Skiland Corp.*, 38 Colo.App. 61, 551 P.2d 1089 (1976).

Although the trial court did not make a finding as to when the project was completed or when the last work or labor was performed, it did find that the necessary filings and the commencement of the action by Seal & Stripe were all done in a timely manner. And, the record contains sufficient evidence to sustain the trial court's findings on these issues. Further,

the filing of a cross-claim in a pending lien action serves the same purpose as a complaint in an independent action. *See Franklin Contract Sales Co. v. First National Bank*, 200 Colo. 370, 615 P.2d 684 (1980). Accordingly, because Seal & Stripe commenced its action well within six months after the completion of its own work or the completion of the project, it had a valid lien.

### II.

Citing *Amco Electric Co. v. First National Bank*, 622 P.2d 608 (Colo.App.1981), defendants also contend that the lis pendens filed by Cobb is not effective as to Seal & Stripe because it did not disclose the existence and nature of Seal & Stripe's lien. We do not agree.

The actual lis pendens filed by Cobb was not submitted into evidence. However, the record does contain an admission on the part of defendants that it was indeed filed. *Cf. Kalamath Investment Co. v. Asphalt Paving Co.*, 153 Colo. 109, 384 P.2d 938 (1963) (record disclosed no compliance with lis pendens requirement).

In an action where several liens are claimed against the same property, only one lis pendens need be filed to serve notice to subsequent purchasers of the pending litigation. Section 38–22–110, C.R.S.; *Bulow v. Ward Terry & Co.*, 155 Colo. 560, 396 P.2d 232 (1964); *King v. W.R. Hall Transportation & Storage Co.*, 641 P.2d 916 (Colo.1982). Thus, the lis pendens filed by Cobb served notice to subsequent purchasers that the property owned by Biber was the subject of lien foreclosure litigation.

While Cobb's original complaint did not join Seal & Stripe, once Seal & Stripe's lien came of record and Seal & Stripe became a party of record, subsequent purchasers were placed on notice of the existence and nature of its lien. Since Cobb's lis pendens was timely filed, that lis pendens was sufficient to serve notice of Seal & Stripe's lien. *See* § 38–22–110, C.R.S.

### III.

On July 10, 1980, Biber transferred ownership of the property at issue here to Bodden International, Ltd. Defendants contend here that the trial court erred in not dismissing the action for Seal & Stripe's failure to join Bodden International as an indispensable party. We disagree.

Bodden International purchased the property after the original lien action was commenced by Cobb and the lis pendens was filed. Thus, Bodden International was put on notice of the lawsuit and all liens of record. As a purchaser *pendente lite*, Bodden International purchased the property at its own peril and can take no better title than that of Biber. *See Hammersley v. District Court*, 199 Colo. 442, 610 P.2d 94 (1980).

A purchaser *pendente lite* in a mechanics' lien action may intervene at the discretion of the trial court but is not an indispensable party to the action. *Howard v. Fisher*, 86 Colo. 493, 283 P. 1042 (1929).

### IV.

Defendants next contend that the trial court erred in not finding that the paving work performed by Seal & Stripe was defective or done in an unworkmanlike manner. Our examination of the record shows that, while the issue was contested at trial, there was sufficient evidence to support the trial court's finding.

### V.

Finally, defendant Sandra Abrams contends that the trial court erred in finding her jointly liable with Triple S, Inc., on a promissory note in favor of Seal & Stripe. We disagree.

Only Sandra Abrams' signature appears as "Maker" on the note above the printed name of Triple S, Inc. The trial court made an oral finding absolving Stanley Abrams of liability on the note and holding Triple S, Inc., liable on the note. In its written findings, the trial court held both Sandra Abrams and Triple S liable on the note. Sandra Abrams objected to the written findings. In a subsequent hearing, the trial court reaffirmed the written findings, holding that Sandra Abrams was personally liable on the note because there was no evidence that she signed it in any corporate capacity. Our review of the record demonstrates that there is substantial evidence to support the trial court's findings. *See* § 4–3–403(2)(b), C.R.S.

Accordingly, the judgment of the trial court is affirmed.

VAN CISE and BABCOCK, JJ., concur.